# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Ninoshka Matias, | : | No. 5:21-cv-02288 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Honorable Joseph F. Leeson, J. |
| Terrapin House, | : | |
| Defendant. | : | |

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

**AND NOW**, comes Defendant, Terrapin House, Inc. (hereinafter "Defendant"), by and through its undersigned counsel, and responds to the allegations of Plaintiff's Complaint as follows:

### Introduction

1.  Paragraph 1 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 1 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

2.  Paragraph 2 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 2 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

3.  Paragraph 3 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 3 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

4.      Paragraph 4 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 4 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

5.      Paragraph 5 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 5 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

6.      Paragraph 6 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 6 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

7.      Paragraph 7 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 7 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

8.      Paragraph 8 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 8 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

9.      Paragraph 9 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 9 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

## Jurisdiction

10.      Paragraph 10 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 10 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

11.     Paragraph 11 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 11 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

## Parties

12.     After a reasonable investigation, Defendant is without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 12 of Plaintiff's Complaint.  As such, the allegations are denied and strict proof thereof is demanded.

13.     Denied.  Terrapin House, Inc., is a non-profit corporation.

14.     Admitted.

15.     Paragraph 15 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 15 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

16.     Paragraph 16 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 16 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

17.     Paragraph 17 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 17 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

18.     Paragraph 18 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 18 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

19.     Paragraph 19 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 19 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

## General Allegations

20.     Admitted.

21.     Denied.

22.     Admitted.

23.     Paragraph 23 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 23 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

24.     Admitted in part, denied in part.  It is admitted only that Plaintiff was informed of the decision to terminate her employment on November 22, 2020.  That decision had been made in the days prior.

25.     Paragraph 25 of Plaintiff's Complaint refers to a written document that speaks for itself.

26.     Denied.

27.     Paragraph 27 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 27 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

## FFCRA Allegations

28.     Paragraph 28 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 28 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

29.     Denied.

30.     Paragraph 30 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 30 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

31.     Paragraph 31 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 31 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

32.     Paragraph 32 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 32 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

33.     Paragraph 33 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 33 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

34.     Paragraph 34 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 34 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

## Count I

35.     All of the responses contained in the foregoing Paragraphs of this Answer are incorporated by reference herein as if the same were set forth at length.

36.     Paragraph 36 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 36 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

37.     Paragraph 37 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 37 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

38.     Denied.

39.     Paragraph 39 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 39 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

40.     Paragraph 40 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 40 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

41.     Paragraph 41 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 41 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

42.     Paragraph 42 of Plaintiff's Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 42 of Plaintiff's Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. §§ 1988, 1927 and FED. R. CIV. P. 11, and such further relief that the Court should deem just and equitable.

## Affirmative Defenses

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Without limiting the generality of the foregoing, and without regard to whether the defenses set

forth below are affirmative defenses within the meaning of FED. R. CIV. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendant states as follows:

### First Affirmative Defense

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### Second Affirmative Defense

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### Third Affirmative Defense

Plaintiff was not subject to any discriminatory or retaliatory conduct during her employment with Defendant.

### Fourth Affirmative Defense

Defendant's conduct and actions towards Plaintiff, including Defendant's practices, policies, procedures, customs, or usages, are the result of legitimate business necessities and/or considerations and are based upon factors other than Plaintiff's request for leave.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by reason of Plaintiff's own conduct.

### Sixth Affirmative Defense

At all times material hereto, the actions of Defendant were appropriate under the circumstances and based upon a reasonable good-faith belief that they were justified under the law.

**Seventh Affirmative Defense**

Plaintiff is not entitled to punitive, liquidated or compensatory damages.

**Eighth Affirmative Defense**

Any damages incurred by Plaintiff are the result of Plaintiff's own conduct and not the result of any act or omission of Defendant.

**Ninth Affirmative Defense**

Plaintiff was afforded all rights and privileges to which she was entitled under the FFCRA.

**Tenth Affirmative Defense**

Any allegedly retaliatory conduct was performed by individuals not employed by or under the control of Defendant.

**Eleventh Affirmative Defense**

Defendant is not an "employer" as that term is defined under the emergency leave provisions of the FFCRA.

**Twelfth Affirmative Defense**

Defendant asserts all available defenses not specifically set forth above.

***WHEREFORE***, Defendant respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. §§ 1988, 1927 and FED. R. CIV. P. 11, and such further relief that the Court should deem just and equitable.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

By: _____
Rufus A. Jennings, Esquire
Pa. Attorney Identification No. 93030
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone:  (215) 587-9400
Fax:      (215) 587-9456
Email:  rjennings@dmvlawfirm.com

Attorney for Defendant

Date: 7/13/21

## CERTIFICATE OF SERVICE

I, Rufus A. Jennings, hereby certify that on the date set forth below, I did cause a true and correct copy of the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses to be filed with the Court's ECF/PACER electronic filing system, where it was available for immediate viewing and download to the following individuals:

Angeli Murthy, Esquire
**MORGAN & MORGAN, P.A.**
8151 Peters Road, 4th Floor
Plantation, FL 33324

Rufus A. Jennings, Esquire

Date: 7/13/21